# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTON LEE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MATEVOUSIAN,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00141-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED BECAUSE OF PLAINTIFF'S UNTRUE ALLEGATION OF POVERTY IN APPLICATION FOR *IN FORMA PAUPERIS* STATUS**<br><br>**(Doc. 5)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Mario Anton Lee, is a federal prisoner proceeding *pro se* in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) which he filed on January 26, 2018. (Doc. 1.) Plaintiff filed a motion to proceed *in forma pauperis* on February 16, 2018. (Doc. 2.) Upon review, Plaintiff's trust account reflects an average monthly balance of roughly $300.00, with an average of $183.35 in monthly deposits for the five months prior to the date that he filed this action.

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *IFP*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Doe v. Educ. Enrichment Sys.*, No. 15cv2628-MMA (MDD), 2015

U.S. Dist. LEXIS 173063, *2 (S.D. Cal. Dec. 30, 2015) (citing *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)). "[T]he court shall dismiss the case at any time if the court determines the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Based upon his trust account statement, Plaintiff was not impoverished when he filed this action and when he filed the motion to proceed *in forma pauperis.*

It also appears that Plaintiff may have intended to file a *habeas corpus* action rather than an action for civil rights violation under *Bivens*. As an initial matter, there are only three actions for damages which may be brought against federal officers: (1) violation of the Fourth Amendment's prohibition against unreasonable searches and seizures, *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971); (2) Fifth Amendment violation for gender-discrimination, *Davis v. Passman*, 442 U. S. 228 (1979); and (3) violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, *Carlson v. Green*, 446 U.S. 14 (1980). *Ziglar v. Abbasi, et al.*, --- U.S. ---, 137 S.Ct. 1843, 1848 (June 19, 2017).

Additionally, Plaintiff's allegations are based on disciplinary proceedings. (Doc. 1.) Plaintiff states that he lost "good time" and seeks "[t]o have the incident report overturned, vacated, expunged, or reversed." (*Id.*) However, the United States Supreme Court has determined that an inmate may not bring a civil action if its success would release the claimant from confinement or shorten its duration, *Preiser v, Ridrugyez*, 411 U.S. 475, 500 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991), or would necessarily imply the invalidity of the conviction or sentence, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Where a plaintiff's success in an action would necessarily imply the invalidity of his underlying conviction or sentence, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck* at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-

time credits.  *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997).  Thus, if reversal of the disciplinary incident report from Plaintiff's file would result in resurrection of any good-time credits, Plaintiff must show that the guilty finding on which they were based has been invalidated.

Here, Plaintiff does not allege facts to support a finding that the disciplinary incident report against him has been favorably terminated.   Accordingly, it is **HEREBY ORDERD** to that **within twenty-one (21) days** of the date of service of this order, Plaintiff shall show cause why his *in forma pauperis* status should not be denied and this action dismissed without prejudice to refiling with prepayment of the filing fee.  Alternatively, if Plaintiff desires to pursue this as a *habeas corpus* action under 28 U.S.C. § 2254, he shall file a statement setting forth his intention to do so within that same time, so this action can be redesignated and a different a filing fee applied. [1]

IT IS SO ORDERED.

Dated:  **February 20, 2018**          /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] In accordance with 28 U.S.C. § 1914(a), the filing fee for civil actions, including those brought under 42 U.S.C. § 1983 is $350, while the filing fee on application for a *writ of habeas corpus* is $5.