# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTON LEE,<br><br>        Plaintiff,<br><br>   v.<br><br>MATEVOUSIAN,<br><br>        Defendant. | Case No. 1:18-cv-00141-AWI-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION PER FED. R. CIV. P. 60(b)**<br><br>**(Doc. 16)** |

      Plaintiff, Mario Anton Lee, is a federal prisoner proceeding *pro se* in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This action was closed on June 11, 2018, upon denial of Plaintiff's motion to proceed *in forma pauperis* and the action was dismissed without prejudice to refiling on prepayment of the filing fee. (Docs. 5, 6, 7, 14, 15.) A few days later, Plaintiff filed a motion "to show cause," (Doc. 16), which is construed as seeking reconsideration of the order that dismissed this action.

      The history that led up to dismissal of this action is straightforward. Plaintiff filed a motion to proceed *in forma pauperis*, on February 16, 2018. (Doc. 2.) Upon review, Plaintiff's trust account reflected an average monthly balance of roughly $300.00 with an average of $183.35 in monthly deposits, and total deposits of nearly $1,000.00 in the six months prior to the date that he filed this action. Thus, on February 21, 2018, the Magistrate Judge issued an order

1

for Plaintiff to show cause ("OSC") as to why his application for *in forma pauperis* (Doc. 5) should not be denied and this action dismissed without prejudice to refiling on prepayment of the filing fee based on Plaintiff's untrue allegation of poverty. (Doc. 6.) Plaintiff was given twenty-one days to provide a response. (*Id.*) The OSC was returned by the postal service indicating that it was undeliverable and had been refused. A month lapsed without a response to the OSC, nor a notice of change of address from Plaintiff. Thus, on March 28, 2018, the Magistrate Judge issued Findings and Recommendations to deny Plaintiff's application to proceed *in forma pauperis* based on his untrue poverty allegation. (Doc. 7.) The Findings and Recommendations were originally returned as undeliverable, but were re-served on Plaintiff on April 20, 2018, after he filed a notice of change of address. (Doc. 8.) The Findings and Recommendations contained notice for Plaintiff to file objections within twenty-one (21) days. (Doc. 7.)

On April 23, 2018, Plaintiff filed a response to the OSC indicating he has been receiving money from his family for the past twenty years and protesting his innocence of the crimes upon which he was incarcerated. (Doc. 9.) Though Plaintiff filed three documents subsequent to re-service of the Findings and Recommendations at his current address, he did not file any objections thereto. Hence, Plaintiff's response to the order to show cause (Doc. 9) was construed as his objections to the Findings and Recommendations. (Doc. 14.) However, the Court found that Plaintiff clearly prioritized a number of personal purchases and transactions over his obligation to pay the filing fee in this action, and the Findings and Recommendations were adopted in full, Plaintiff's application to proceed *in forma paueris*, was denied, and the action was dismissed without prejudice to refiling with payment of the $400.00 filing fee. (Doc. 14.)

In his current motion, Plaintiff states that he was transferred out of USP Atwater on February 21, 2018, and that he did not "receive stamped filings of his application." (Doc. 16.) Plaintiff also states that he has "several *Bivens*" actions filed before this court, that he didn't receive a "stamped filing of his application," that all applications are stamped by the Clerk of the Court who also puts the case number on his applications, and that "the Clerk of the Court has not provided the Plaintiff any of his *Bivens*, stamped filed applications." (*Id.*)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon

such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff apparently seeks to reopen the case. However, Plaintiff's apparent belief that the Clerk of the Court is required to put case numbers on documents filed in an action and returns copies of stamped documents to the litigants is incorrect. The First Informational Order, which issued within days of Plaintiff's filing this action notified Plaintiff that it is his obligation to write the case number on the first page of every document he submits. (*Id.*, p. 2.) It also notified Plaintiff that, if he wants a file-stamped copy of a document to be returned for his own benefit, he is required to submit a copy for that purpose along with a pre-addressed, pre-paid postage envelope. (*Id.*, p. 3.) It reiterated that the Court will not make copies of filed documents or provide postage or envelopes even for parties proceeding *in forma pauperis*. (*Id.*) The Court is unsure what Plaintiff intends to argue by his statements that the Clerk of the Court always writes-

in case numbers and returns copies to him of documents he files, but this is certainly not the practice of this Court. Plaintiff thus fails to show his entitlement to relief under Rule 60(b) or a basis for reconsideration.

Accordingly, to the extent that Plaintiff's motion, filed on June 15, 2018 (Doc 16) seeks reconsideration of the dismissal of this action, it is HEREBY DENIED and any objections based thereon are OVERRULED.

IT IS SO ORDERED.

Dated: __October 18, 2018__    _____
                                SENIOR DISTRICT JUDGE